IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL INDEMNITY INSURANCE COMPANY<br>P.O. Box 5900<br>Madison, WI  53705<br><br>    Plaintiff<br><br>v.<br><br>TOP SHELF GROUP, LLC<br>1337 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>    Defendant<br><br>SERVE ON:  Anthony Hudgins<br>                    1343 Perry Place, N.W.<br>                    Washington, DC 20010<br>         Resident Agent | CIVIL ACTION NO. 14-CV-1661 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Capitol Indemnity Insurance Company, Inc. ("CIIC") brings this Complaint for Declaratory Judgment against the Defendants Top Shelf Group, LLC ("Top Shelf") and Tamer El-Shacke and states as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction is proper in the court by virtue of 28 U.S.C. §2201 and 28 U.S.C. §1446.

2. Plaintiff Capitol Indemnity Insurance Company is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. CIIC is authorized to write insurance in the District of Columbia.

3. Defendant Top Shelf Group, LLC. is a District of Columbia limited liability company.

4. The amount in controversy is greater than $75,000.

5. Venue is proper because the contract of insurance between the parties was issued in the District of Columbia.

**FACTS AND ALLEGATIONS**

6. Plaintiff issued a policy of Commercial General Liability Insurance to Top Shelf, with an effective policy period of November 12, 2012-March 23, 2013, Policy No. CP02184566-01 ("the Policy"). The Policy also included Builder's Risk insurance coverage.

7. In August 2012, Top Shelf entered into a lease with Endeka Enterprises, LLC to rent space at 1337 Connecticut Avenue, N.W., Washington, D. C., to be operated as a restaurant known as "The Gryphon."Top Shelf's agreements pursuant to the lease were allegedly guaranteed by Tamer El-Shacke.

8. In November 2012, during the policy period, Top Shelf contracted with Greenrock Construction & Development, LLC ("Greenrock") to build out the leased space to become the functioning restaurant.

9. While performing the work at 1337 Connecticut Avenue, N.W., pursuant to its contract with Top Shelf, Greenrock allegedly caused damage to the plumbing and other utility

equipment at the premises, which resulted in a series of floods in November and December 2012.

10. In September 2013, Flood Doctor, Inc., a company that had performed remediation services for the floods, filed a suit in the Superior Court for the District of Columbia, Case No. 2013 CA 006484, alleging that Endeka Enterprises had not paid approximately $500,000 to Flood Doctor for the services it performed in remediating the flood damage.

11. In July 2014, Endeka Enterprises file a Third Party Complaint in the Flood Doctor case against Top Shelf and Greenrock, alleging that they caused the flooding and were liable to Endeka and Flood Doctor for the remediation costs. The counts against Top Shelf include indemnification, contribution, and breach of contract.

12. The Policy provides liability coverage to Top Shelf for bodily injury and property damage arising from occurrences during the policy period.

13. The Policy provides builder's risk coverage to Top Shelf for damage to covered property for which Top Shelf is legally responsible.

14. An actual controversy exists between CIIC and Top Shelf with regard to whether the Policy provides coverage for the damages claimed in the Endeka Third Party Complaint.

15. The Policy excludes coverage for damage to property on which Top Shelf or its contractors or subcontractors, or anyone acting on behalf of Top Shelf, are performing operations and property damage to any property that must be restored, repaired or replaced because Top Shelf's or its contractor's work was incorrectly performed on it. The Endeka Third

Party Complaint alleges that there was damage to the Endeka property from Greenrock's operations and work on the build out of the restaurant space for Top Shelf.

16. The damages resulting from the allegations described in the above paragraph are not covered by the Policy.

17. Because the allegations made against Top Shelf are not covered by the Policy, CIIC has no duty to defend and/or indemnify Top Shelf for the allegations made in the Third Party Complaint.

18. Any damages resulting from the allegations described in the above paragraph are not covered by the Policy and CIIC has no duty to defend and/or indemnify El-Shacke for the allegations made in the Third Party Complaint.

19. The builder's risk coverage provided by the Policy does not obligate CIIC to defend Top Shelf.

20. The builder's risk coverage provided by the Policy does not obligate CIIC to indemnify Top Shelf for the property damage alleged in the Third Party Complaint until and unless Top Shelf is found legally responsible for those damages.

21. CIIC requests that this Court issue declaratory judgment as follows:

    a. CIIC does not have a duty to defend and/or indemnify Top Shelf for the claims made against them in the Third Party Complaint filed by Endeka Enterprises;

    b. CIIC does not have a duty to indemnify Top Shelf under the builder's risk coverage for the claims made against them in the Third Party

4

Complaint filed by Endeka Enterprises, until and unless they are found legally responsible for those damages;

    c.    Such other and further relief as the court deems appropriate.

<u>*Margaret Fonshell Ward*</u>
Margaret Fonshell Ward (422906)
Ward & Herzog, LLC
102 W. Pennsylvania Avenue, Suite 401
Baltimore, Maryland 21204
410-296-1573
410-296-1576 - f
mward@wardherzog.com
***Attorneys for Plaintiff***